NOT FOR PUBLICATION                                                                                  (Docket No. 1)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

RITA WATSON,

       Plaintiff,                               Civil No. 09-3650 (RBK/JS)

      v.                                                      **OPINION**

WASHINGTON TOWNSHIP OF
GLOUCESTER COUNTY PUBLIC
SCHOOL DISTRICT, et al,

       Defendants.

---

**KUGLER**, United States District Judge:

    Presently before the Court are the Complaint and Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 filed by Plaintiff Rita Watson ("Plaintiff") in her case against Defendants Washington Township of Gloucester County Public School District, Charles Earling, Thomas Licisyn, Eileen Abbot, James Scott Dzerizogski, Synder Murphy, Patrone, Chuck Wisely, Marino, Ms. Simone, Mrs. Petroski, and Paul Jaques (collectively, "Defendants"). For the reasons expressed herein, the Court will order Plaintiff to amend her Complaint and will deny her Application to Proceed In Forma Pauperis without prejudice.

**I.     BACKGROUND**

    On July 23, 2009, Plaintiff filed this pro se action on behalf of her minor son, A.W., pursuant to 18 U.S.C. § 241, alleging that Defendants engaged in a "conspiracy to stop or stagnate" her son's education by denying A.W. a multitude of rights secured to him by the United

States Constitution, as well as federal and state statutory law. (Compl. at 1.) Plaintiff vaguely describes her cause of action against Defendants, which appears to arise from Defendants' disciplinary response to A.W.'s interaction with another juvenile, D.B. (Id. at 1-2.)

Plaintiff also filed an Application to Proceed In Forma Pauperis. Plaintiff responded to some of the questions on the form application, but did not respond to all of them. Plaintiff disclosed incomplete information regarding her own finances and either left blank or drew a line through those sections of the application requesting information regarding her spouse's assets, noting in one place that her "[s]pouse is not included in [the] case." (Pl.'s Applic. at 2.)

## II. APPLICABLE LAW

### (a) Sufficiency of Complaint

Federal Rule of Civil Procedure 8 outlines the requirements for proper pleading. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007) (citing Dura Pharm. v. Broudo, 544 U.S. 336, 346 (2005)). Although a plaintiff need not include detailed factual allegations in her complaint, a plaintiff's complaint must provide the grounds of her entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 555 (2007) (internal quotations omitted). The complaint must include enough factual allegations to "raise a right to relief above the speculative level." Id.

Rule 8(a)(1) requires "a short and plain statement of the grounds for the court's

jurisdiction."  Rule 10(b) requires that all averments of a claim "shall be in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the Plaintiff, even after Twombley.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice without granting leave to amend, unless it finds bad faith, undue delay, prejudice, or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

    **(b)**     **Application to Proceed In Forma Pauperis**

As a general matter, an individual who wishes to institute a civil action in this district must prepay a filing fee of $350.  See 28 U.S.C. § 1914 (2006); L. Civ. R. 54.3(a).  A court may grant an application to proceed without prepayment of fees or costs where the applicant submits an affidavit and supporting documentation indicating that the individual is unable to pay.  28 U.S.C. § 1915(a)(1).  The applicant bears the "burden to 'provid[e] the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for in forma pauperis status.'" Freeman v. Edens, No. 07-12227, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (citing Thompson v. Pisano, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006) (alterations in the original)).

### III. ANALYSIS

Plaintiff's Complaint is insufficient.  It does not include a short and plain statement of her claim against Defendants.  It also fails to include a short and plain statement of the grounds for this Court's jurisdiction.  By these omissions, the Court and the Defendants are left without

sufficient knowledge of the details of this case. The Court is unable to fully assess the basis of its jurisdiction over the case, and the Defendants are without sufficient notice to defend the action. Plaintiff has thus failed to meet the requirements of Rules 8 and 10. Accordingly, the Court will order Plaintiff to file an Amended Complaint that complies with the Federal Rules of Civil Procedure.

Plaintiff's Application to Proceed In Forma Pauperis is also insufficient. Plaintiff does not disclose her spouse's income sources and amounts. Likewise, she does not disclose her own employment history, cash reserves, assets owned, amounts owed to her by others, and average monthly expenses. Without this information, Plaintiff's application is incomplete, and the Court is unable to determine whether Plaintiff has the ability to pay fees and costs. Accordingly, the Court will deny Plaintiff's Application to Proceed In Forma Pauperis without prejudice.

## IV.   CONCLUSION

For the reasons expressed, the Court will order Plaintiff to file an Amended Complaint which conforms to the pleading requirements set forth in the Federal Rules of Civil Procedure on or before **September 14, 2009**, under pain of this Court dismissing this case for failure to properly plead. The Court will also deny Plaintiff's Application to Proceed In Forma Pauperis without prejudice. An accompanying Order shall issue today.


Dated:    8-28-09                                                   /s/ Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge