NOT FOR PUBLICATION (Doc. No. 12)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RITA WATSON, | |
| Plaintiff, | Civil No. 09-3650 (RBK/JS) |
| v. | **OPINION** |
| WASHINGTON TOWNSHIP OF GLOUCESTER COUNTY PUBLIC SCHOOL DISTRICT, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter arises out of an alleged deprivation of civil rights. Presently before the Court is the motion brought by Defendants Washington Township of Gloucester County Public School District, Charles Earling, Thomas Licisyn, Eileen Abbot, James Scott Dzerizogski, Patrone, Chuck Wisely, Marino, Ms. Simone, Mrs. Petroski, and Paul Jacques (collectively, "Defendants") to dismiss claims in Plaintiff Rita Watson's ("Plaintiff") Amended Complaint brought pursuant to 18 U.S.C. §§ 241, 242, the No Child Left Behind ("NCLB") Act, 20 U.S.C. § 6301 et seq., and "42-21-IV-2000." Defendants have also moved for a more definite statement of Plaintiff's claims brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983. For the reasons herein expressed, the Court grants Defendants' motion to dismiss and for a more definite statement.

I.  **BACKGROUND**

On July 23, 2009, Plaintiff filed this pro se action on behalf of her minor son, A.W. On August 28, 2009, the Court ordered Plaintiff to file an amended complaint that complied with Federal Rules of Civil Procedure 8 and 10. Plaintiff filed her Amended Complaint on September 14, 2009. Plaintiff's Amended Complaint contains six counts, which appear to allege that Defendants violated the following: (1) 18 U.S.C. § 241 ("Count One"); (2) 18 U.S.C. § 242 ("Count Two"); (3) the NCLB Act ("Count Three"); (4) "42-21-IV-2000" ("Count Four"); (5) 42 U.S.C. § 1981 ("Count Five"); and (6) 42 U.S.C. § 1983 ("Count Six").

The Amended Complaint does not contain much factual detail. Plaintiff claims that Defendants conspired to stagnate her son's education by denying A.W. a multitude of rights secured to him by the United States Constitution and federal statutory law. Plaintiff's causes of action appear to arise from some action taken by Defendants in response to A.W.'s interaction with other students at school. Plaintiff claims that Defendants, in some manner, unfairly treated A.W. differently than other students; that such unequal treatment was spurred by racial discrimination; and that this unequal treatment resulted in a deprivation of rights conferred upon A.W. by federal education programs. Plaintiff may also be claiming the violation of her own rights, but she does not clearly delineate which claims she is bringing in her own right and which claims she is bringing on behalf of A.W.[1]

On January 27, 2010, Defendants moved to dismiss Counts One, Two, Three, and Four of Plaintiff's Amended Complaint, and for a more definite statement with respect to Counts Five

---

[1] As a result of this ambiguity, the Court will treat Plaintiff's Amended Complaint and each count therein as having been brought both in her own right and on behalf of A.W.

2

and Six.  On February 24, 2010, Plaintiff filed a response in opposition to Defendants' motions.  On February 25, 2010, Defendants filed a reply brief.

**II.     STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis.  Ashcroft v. Iqbal, - - U.S. - -, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11.  First, the court must separate factual allegations from legal conclusions.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 1950.  Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense."  Id.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  See id.

**III.    DISCUSSION**

As a threshold matter, Defendants argue that Plaintiff does not allege a violation of her

3

own rights and that Plaintiff is not suing on A.W.'s behalf.  Defendants further argue that Plaintiff has failed to state a claim for relief with respect to Counts One, Two, Three, and Four, and therefore the Court should dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants lastly argue that Plaintiff's remaining claims, Counts Five and Six, are so ambiguous that Defendants are unable to properly defend against Plaintiff's allegations.  In response, Plaintiff insists that she is asserting the rights of A.W.  Plaintiff further disagrees with Defendants that she lacks a private cause of action for many of her claims.  Plaintiff also urges the Court to deny Defendants' motion to dismiss, on grounds that Defendants did not properly serve Plaintiff with their motions in accordance with Federal Rule of Civil Procedure 5(b).

      A.      **Claims Brought on Behalf of A.W.**

As noted, Defendants argue that Plaintiff's Amended Complaint alleges that Defendants have violated the rights of A.W.; that A.W. is not a plaintiff in this matter; and that Plaintiff is not suing on behalf of A.W.

Although styled as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, Defendants appear to raise the issue of Plaintiff's lack of standing to prosecute A.W.'s claims.  Defendants' assertion that Plaintiff lacks standing is technically an attack on this Court's subject matter jurisdiction and is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1).  See Mars, Inc. v. JCM Am. Corp., No. 05-3165, 2008 WL 5401604, at *2 (D.N.J. Dec. 23, 2008) (citing Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007)).  Because Defendants have raised the issue, the Court will treat it as one raised pursuant to Federal Rule of Civil Procedure 12(b)(1).  See Garcia v. Richard Stockton Coll. of N.J., 210 F. Supp. 2d 545, 548 (D.N.J. 2002) (treating defendant's

motion to dismiss as one brought pursuant to Federal Rule of Civil Procedure 12(b)(1), despite defendant's description of motion as one being brought pursuant to Federal Rule of Civil Procedure 12(b)(6)).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint or portions of a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction may be brought at any time and may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In a facial attack, all allegations in the complaint are considered true. Id. Defendants have attacked the complaint on its face, and so the Court will treat all allegations in Plaintiff's Amended Complaint as true.

Federal Rule of Civil Procedure 17(c) permits a guardian, as a representative, to sue on behalf of a minor. Fed. R. Civ. P. 17(c). Additionally, litigants in federal court have the right to appear pro se and represent themselves as counsel. 28 U.S.C. § 1654. However, the Third Circuit does not permit a parent who is not an attorney to appear pro se on behalf of his or her child in federal court. Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882 (3d Cir. 1991).

In Osei-Afriyie, the pro se plaintiff brought a negligence suit on behalf of his two children, and in his own right, against the defendant hospital and physician. Id. at 879. The district court judge entered judgment on the verdict for the defendants. Id. at 880. The Third Circuit vacated the judgment against the children on their claims, holding that a non-attorney parent may not serve as his children's counsel in federal court. Id. at 883. The Court reasoned

that minors do not have the legal capacity to choose to appear pro se and that it would be prejudicial to their interests not to have trained legal assistance. Id. (quoting Cheung v. Youth Orchestra Found. of Buffalo, Inc., 960 F.2d 59, 61 (2d Cir. 1990)).

The proposition that a non-attorney parent cannot represent his or her child in federal litigation has been applied in several other contexts, including alleged civil rights violations and constitutional claims. See e.g., Harris-Thomas v. Christina Sch. Dist., 145 Fed. Appx. 714, 714-15 (3d Cir. 2005) (non-attorney mother cannot represent son in federal court for school district's alleged violation of son's civil rights); Cole v. Montague Bd. of Educ., 145 Fed. Appx. 760, 762 (3d Cir. 2005) (non-attorney parents cannot represent child in federal court for alleged violations of NCLB by school board); Woodruff ex rel. B.W. v. Hamilton Twp. Pub. Sch., No. 06-3815, 2007 WL 4556968, at *1 (D.N.J. Dec. 20, 2007) (non-attorney parent does not have standing to prosecute son's discrimination claims against school district).

Here, Plaintiff insists that she is representing her son. Because she is not an attorney, she may not prosecute any of A.W.'s claims. See McCain v. Abraham, 337 Fed. Appx. 141, 142 (3d Cir. 2009) (non-attorney pro se litigant lacks standing to bring another's civil rights claim in federal court). Pursuant to the Third Circuit's ruling in Osei-Afriyie, the Court will provide Plaintiff with two options.[2] Plaintiff's first option is to obtain counsel for A.W. and proceed with his claims. Her other option is to elect not to proceed, in which event A.W.'s claims will be dismissed without prejudice. Plaintiff must avail herself of one of these two options within

---

[2] The Third Circuit also suggests a third option–that a court may appoint counsel to represent the child. See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991). Here, Plaintiff has already been denied pro bono counsel and so the Court will not extend this third option to Plaintiff.

twenty days of the date of this Opinion and accompanying Order. The Court will hold Defendants' motion to dismiss A.W.'s claims in abeyance until the expiration of the twenty day period. If Plaintiff does not obtain counsel or if Plaintiff does not notify the Court that she has obtained counsel within twenty days, the Court will dismiss without prejudice those claims brought on behalf of A.W.

  **B.  Claims Brought in Plaintiff's Own Right**

    **1.  Motion to Dismiss for Failure to State a Claim**

As noted, Defendants request that Counts One, Two, Three, and Four of Plaintiff's Amended Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Defendants argue that (1) 18 U.S.C. §§ 241, 242 are criminal statutes and Plaintiff cannot file a civil suit based on an alleged violation of these statutes; (2) the NCLB Act does not provide Plaintiff with a private cause of action; and (3) "42-21-IV-2000" does not exist, and even if it does, Plaintiff has failed to set forth any claims or facts in support of a violation of it.

Sections 241 and 242 are penal statutes and do not supply a private cause of action. Woodall v. Geist, No. 09-4975, 2010 WL 1838433, at *2 n.1 (D.N.J. May 5, 2010).[3] The NCLB Act does not supply a private cause of action either. Newark Parents Assoc. v. Newark Pub. Sch., 547 F.3d 199, 214 (3d Cir. 2008). In Newark Parents Assoc., the Third Circuit affirmed the district court's determination that Congress did not intend to give individuals a right to enforce the notice and supplemental educational services provisions of the NCLB Act. Id.; see Horne v.

---

[3] Plaintiff's claim for deprivation of her civil rights is appropriately asserted under 42 U.S.C. § 1983. See Gass v. N.J. Div. of Youth & Family Servs., No. 09-928, 2009 WL 2878456, at *1 n.2 (D.N.J. Sept. 2, 2009), aff'd, No. 09-3737, 2010 WL 939908 (3d Cir. Mar. 17, 2010).

Flores, - - U.S. - -, 129 S. Ct. 2579, 2598 n.6 (2009) (no private cause of action exists pursuant to the NCLB Act).  In other words, Plaintiff does not, and cannot, state a claim in Counts One, Two, and Three, because the statutes cited do not offer private causes of action.

Defendants further argue that they are unable to respond to Plaintiff's contentions regarding "42-21-IV-2000." The Court is unable to determine exactly what Plaintiff's "42-21-IV-2000" claim actually is. Plaintiff's Amended Complaint does not provide any facts to support whatever claim Plaintiff is making, nor does Plaintiff clearly allege which of her rights have been violated.[4] Plaintiff may be referring to Title 42, Chapter 21, Subchapter IV, which is more commonly known as Title IV of the Civil Rights Act, 42 U.S.C. 2000(c) et seq. Generally, Title IV covers civil rights violations in the context of public education. Plaintiff may also be referring to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d) et seq. In any event, Plaintiff does not allege any facts upon which her claims are predicated, but instead merely recites legal conclusions. Because Plaintiff fails to state a claim upon which relief can be granted for Counts One, Two, Three, and Four, the Court will dismiss those claims.[5]

This Court is mindful, however, that the sufficiency of this pro se pleading must be

---

[4] Plaintiff states that A.W. "did not receive NCLB which is a federally governed program,.title 42-21-5-2000d also d4a and d7." Plaintiff also refers, more generally, to "42-21-IV-2000."

[5] Plaintiff argues that Defendants' motion to dismiss should be denied because Defendants did not properly serve Plaintiff in accordance with Federal Rule of Civil Procedure 5(b). Plaintiff consented to receive service of documents electronically, but did not provide an email address. Defendants certified that they sent their documents to Plaintiff's home address via courier hand delivery. Plaintiff clearly had actual notice of Defendants' motions because she responded to them and attached copies of all relevant documents to that response. Because Plaintiff was not prejudiced by Defendants' purportedly defective service, dismissal of Defendants' motion would be inequitable.

construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice, or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).  This is true even when a plaintiff does not seek leave to amend in response to a defendant's motion.  Grayson, 293 F.3d at 108.

The Court will not grant leave to amend with respect to Counts One, Two, and Three.  Any amendment would be futile because Plaintiff does not have a private cause of action.  However, the Court will grant leave to amend with respect to Count Four.  Amendment to Count Four might not be futile because Plaintiff's claims arise in the context of public education, which is covered by Title IV.

### 2. Motion for a More Definite Statement

Defendants have also moved for an order under Rule 12(e) of the Federal Rules of Civil Procedure requiring Plaintiff to submit a more definite statement of Counts Five and Six.  Defendants argue that Plaintiff's Amended Complaint, in its present form, does not provide sufficient information from which Defendants can reasonably prepare a response.  The Court agrees with Defendants.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed by which is so vague and ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973);

Page Steel & Wire Co. v. Blair Eng'g Co., 22 F.2d 403, 407 (3d Cir. 1927).

The prevailing standard employed by district courts in this Circuit is to grant such a motion "when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" Sun Co. v. Badger Design & Constructors, Inc., 939 F. Supp 365, 368 (E.D. Pa. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practices & Procedure § 1376 (2d ed. 1990)); see Murray v. Gencorp, Inc., 979 F. Supp 1045, 1050-51 (E.D. Pa. 1997); Wood & Locker, Inc. v. Doran & Assocs., 708 F. Supp 684, 691 (W.D. Pa. 1989); Lincoln Labs., Inc. v. Savage Labs., Inc., 26 F.R.D. 141, 143 (D. Del. 1960).  Examples where this standard has been met are where the allegations of a complaint are not sufficiently specific to enable a defendant to determine the propriety of interposing in his answer a waivable defense, see Lunderstadt v. Colafella, 885 F.2d 66, 68-69 (3d Cir. 1989); Murray, 979 F. Supp. at 1051, or where, in the absence of certain information peculiarly within the knowledge of the plaintiff, the defendant cannot, in good faith, answer the complaint with a general denial, see Lincoln Labs., 26 F.R.D. at 143.

To state a claim for relief under 42 U.S.C. § 1981, Plaintiff must allege that (1) she belongs to a racial minority; (2) Defendants intended to discriminate against her on the basis of race; and (3) the discrimination concerned one of the activities enumerated in § 1981.  Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 569 (3d Cir. 2002).  To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff does not allege specific facts in support of her § 1981 and § 1983 claims. She does not say what actions Defendants took that violated her rights. She does not say what specific rights were violated. She does not say which specific defendant violated her rights, or what injury she suffered as a result. Consequently, the Court is satisfied that the Amended Complaint is so vague and ambiguous that Defendants cannot reasonably respond. Accordingly, the Court will grant Defendants' motion for a more definite statement.

## IV. CONCLUSION

For the foregoing reasons, the Court will hold Defendants' motion to dismiss Plaintiff's claims brought on behalf of A.W. in abeyance for twenty days, during which time Plaintiff will have the opportunity to secure counsel. If Plaintiff does not secure counsel, the Court will dismiss all claims brought on behalf of A.W. without prejudice. Furthermore, the Court will dismiss Counts One, Two, and Three with prejudice. The Court will dismiss Count Four without prejudice and grant leave to amend. The Court will grant Defendants' motion for a more definite statement with respect to Counts Five and Six. An appropriate Order shall follow.


Date: 6-17-2010                                            /s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge